# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL DUNKLIN,     )
     )
     Plaintiff,     )
     )
  v.     )     **CAUSE NO. 07-CV-128-WDS**
     )
CONTEMPRI HOMES, et al.,     )
     )
     Defendants.     )

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss defendant Rick Powell (Doc. 79), to which plaintiff has filed a response (Doc. 83)[1], and defendants a reply (Doc. 87). Defendants seek dismissal of defendant Powell pursuant to Fed. R. Civ. P. 25(a)(1). Also before the Court is plaintiff's motion to reconsider (Doc. 84) the Court's Order of February 25, 2009 (Doc. 77), to which defendants have filed a response (Doc. 87).

## BACKGROUND

The Court granted summary judgment in favor of all defendants on plaintiff's hostile work environment claim (Count II), leaving only plaintiff's state law battery claim against defendant Powell (Doc. 77). A suggestion of death was entered upon the record as to defendant Powell, however plaintiff has neglected to file a motion to substitute a party, or a motion for extension of time in which to substitute a party, within ninety (90) days pursuant to Fed. R. Civ. P. 25(a)(1). Defendants now seek to dismiss defendant Powell.

---

[1] After vacating and setting aside its Order dated March 27, 2009 (Doc. 82), in which the Court improvidently granted defendants' motion to dismiss defendant Rick Powell before the time for plaintiff to file a response had run, the Court construed plaintiff's motion to reconsider (Doc. 83) as a response in opposition to defendants' motion to dismiss defendant Rick Powell (Doc. 79).

<u>**ANALYSIS**</u>

**I.  Defendants' Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 25(a)(1), an action by or against a decedent must be dismissed if a motion for substitution, or a motion for an extension of time in which to file a motion for substitution, is not filed within ninety (90) days after service of a statement noting death.  Defendants argue that plaintiff's failure to file a motion for substitution within ninety (90) days after being served with the suggestion of death in this case warrants dismissal of all claims against defendant Powell.  Plaintiff does not challenge defendants' assertion.  Rather, plaintiff states that he "does not wish to waste this Court's time by suing the estate of Mr. Powell, as he does not believe that estate will have any money."  (Doc. 83).  Accordingly, the Court **GRANTS** defendants' motion to dismiss (Doc. 79) and **DISMISSES** all claims against defendant Powell.

In lieu of reinstating defendant Powell, plaintiff seeks that the Court reconsider its Order dated September 2, 2008 (Doc. 51), in which the Court dismissed plaintiff's state law battery claims (Count III) as to defendants Wildermuth and Contempri Homes.  Because plaintiff believes that Powell's estate is insolvent, he now seeks to pursue recovery against Wildermuth and Contempri Homes.

A motion to reconsider is "an improper vehicle to introduce evidence previously available or to tender new legal theories."  *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).  The Court notes that both parties fully briefed the issue of whether defendants Wildermuth and Contempri Homes could be held accountable under a *respondeat superior* theory of liability on plaintiff's state law battery claim (Docs. 41, 43, 45).  Plaintiff has not presented any new or controlling legal authority demonstrating that the Court must, after several months, revisit all of the legal arguments that it previously considered and rejected in dismissing

Count III as to defendants Wildermuth and Contempri Homes simply because a suggestion of death has been filed as to defendant Powell. Although defendant Powell's unfortunate death has made him no longer a source for recovery on plaintiff's battery claim, the Court cannot, without more, reconsider its prior ruling. The Court remains convinced that plaintiff has failed to allege that defendants Wildermuth or Contempri Homes committed, commanded, or expressly authorized the battery committed by Powell. *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1227 (Ill. 1990). Accordingly, that portion of plaintiff's motion that seeks reconsideration of the Court's Order of September 8, 2008 (Doc. 51) is **DENIED**.

### III. Plaintiff's Motion to Reconsider

Also before the Court is plaintiff's motion to reconsider (Doc. 84), to which defendant has filed a response (Doc. 86). Plaintiff asks this Court to reconsider its Order of February 25, 2009 (Doc. 77), granting summary judgment in favor of all defendants and against plaintiff on plaintiff's racially hostile work environment claim (Count II).

Plaintiff has simply reasserted its legal arguments that the Court previously considered and rejected in granting defendants summary judgment on plaintiff's racially hostile work environment claim.[2] The Court remains convinced that these reiterated factual allegations do not create a genuine issue of material fact on the issue of whether defendant Powell's actions were motivated by plaintiff's race.

Similarly, the Court will not reconsider its ruling with respect to plaintiff's supervisor, or employer-induced racially hostile work environment claims. The only non-time-barred incident underlying plaintiff's racially hostile work environment claim is the incident involving defendant

---

[2]For example, plaintiff argues that defendant Powell demonstrated racial animus toward plaintiff, a black man, by yelling at him for changing a tire improperly. Powell did not yell at Reichman, a white man, who was assisting plaintiff in changing the tire at the time Powell admonished plaintiff. Plaintiff maintains that Powell perpetuated his racial animus in two subsequent occurrences in which he used his flagging truck to either assault or batter plaintiff.

Powell on February 15, 2006. As the Court's Order of February 25, 2009 (Doc. 77) makes clear, plaintiff has not stated a non-time-barred claim for supervisor-induced racially hostile work environment.

<u>**CONCLUSION**</u>

Upon review of the record, the Court **GRANTS** defendant Powell's motion to dismiss (Doc. 79) and **DISMISSES** all remaining causes of action against defendant Powell. The Court **DENIES** that portion of plaintiff's motion (Doc. 83) that seeks reconsideration of the Court's September 2, 2008, Order (Doc. 51) and **DENIES** plaintiff's motion (Doc. 84) seeking reconsideration of the Court's February 2, 2009, Order (Doc. 77). The Court **FURTHER DENIES** defendant Contempri Homes first motion *in limine* (Doc. 72) and second motion *in limine* (Doc. 73) as moot.

This Order disposes of all claims as to all parties and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 5th, 2009.**


**s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**